### SARAPURE vs. DEBUYS.

A mother has no right to purchase property for her minor child.

A minor can neither alienate, nor purchase property, without the authority of justice.

But on his coming of age he may ratify an acquisition or alienation of property made for him during his minority.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court, This is an action to enforce a lien, which the plaintiff states she had on property that the defendant, or those under whom he holds, purchased from her mother. The lien is stated to arise from the mother having received, as tutrix, the inheritance which the petitioner derived from her deceased father, and from having failed to pay it over.

The defence assumes several grounds in the

answer. But in the argument in this court, it

has been narrowed to what the evidence shews is the real *gist* of the contest, namely, the effects of a sale made by order of the court of probates.

The defendant insists that the property on which the tacit lien or mortgage is now sought to be enforced, made a part of the estate of the father; that it was sold by a decree of the probate court, under which it was purchased by those from whom he acquired it, and that consequently the mortgage existing on it, in favor of the plaintiff, and the other heirs of the ancestor, was extinguished.

The plaintiff admits that a probate sale of the estate left by the father, would have that effect, but she contends that the house and lot which she now claims a lien on, was not the property of the father, but that of the mother, and that as she was alive at the time, no such effect follows the alienation made by order of the court of probates. The positions which both parties have assumed, in respect to the law, are correct. The question, therefore, for our decision, is one of fact.

From the evidence produced, it appears that some time before the dissolution of their mar-

riage, the father and mother of the plaintiff removed from this country to France, and that previous to their departure they sold all the moveable and immoveable property which they possessed. The father having died in Europe, the mother returned to this state.— Previous to an inventory being made of the property in common between them, she purchased two lots; one of which is the subject of the present suit. When the notary made the inventory, she presented these lots as making a part of the succession of her deceased husband, and repeated the declaration several times; but also stated that they had been acquired by her since his decease. They were inserted in the inventory as common property, acquired by the wife, since the decease of the husband, and sold as making a part of the succession.

The only way in which the court can understand and reconcile the evidence, is, that the widow, after the decease of her husband, purchased, with the community funds, this property, and that supposing she had a right to do so, and that the children had an equal interest in it with herself, she presented it to be inventoried, as making a part of the estate.

But it is clear that the mother had no right to make this purchase on account of her chil- dren, to whom she was tutrix. Minors can neither alienate nor acquire property, without the authority of justice. *Febrero V. 2, Cap. 4, § 2, No. 61.*

It is, however, equally clear, that the minor, after he comes of age, may approve, either of the alienation of his estate or the purchase made for him; and if he does any act which amounts to such approbation, the contract is as binding on him as if made at the age of majority.

The only doubt we have had in this case, was whether this approbation was not shewn here. The amount of the inventory is **$17,291 50** cents; and this sum is formed in part of the very property on which the petitioner seeks to enforce her mortgage. The judgment of the Court of probates establishing her claim against her mother assumes this sum of **$17291 50** cts. as the amount of the community property. It is evident therefore that the value of this lot was taken into consideration by the court in fixing the sum due by the mother.

It appeared to us, therefore, on the first examination of the case, that the plaintiff could

not claim the value of this lot as making a part of her father's estate, and at the same time claim a lien on it as belonging to her mother. But a close examination of the evidence does not enable us to assume this position. The pleadings in the suit before the court of probates have been produced, but the proof there adduced, has not. It appears from the former, the petitioner alledged that the father left a large estate which came into her mother's possession. Whether the inventory was produced in evidence or not, we cannot say, tho' there is a strong presumption it was, from the judgment adopting it as the amount of the estate in common between father and mother. But in giving the defendant the benefit of that presumption, we cannot refuse to the plaintiff another, that it was introduced to support the allegations in the petition, which were, that a large estate had come into the mother's hands. Of the fact, the inventory was evidence, tho' it had all been composed of property purchased by the mother, with the funds of the estate, when it contained her declaration to that effect. And what is conclusive to this being the purpose for which the instrument was introduced, is, that the rights of the minors are

ascertained, by reference to what the property was estimated for, not at what it was sold. Now, if it had been considered as making a part of the father's estate, they could only have had the price which it brought at auction.

But there is evidently an error in the judgment of the district court, one into which it was led by a mistake in that of the court of probates. The latter declares that the property in community was $ 17,291 50 cents. That the father's share was $ 8745 75 cents, after deducting the costs, amounting to $1000, and that the plaintiff was entitled to the one sixth of the sum last mentioned, namely 2715 dollars 25 cents.

In this calculation there are two errors : First, the father's share, after deducting $1000 out of $17291 50 cents, is only $8145 75 cts.; and second, the one sixth of this sum is not $2715 25 cents, but $1357 62 1-2 cents.

No appeal has been taken by the persons cited in warranty, in regard to whom there is a separate judgment on record. The reversal, therefore, which we are about to pronounce, will only extend to the decree rendered between the parties before us.

Eastern Dis't.
*May*, 1827.

SARAPURE
*vs*
DEBUYS:

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that the defendant pay to the plaintiff, within ten days after the notification of the judgment, the sum of $1357 62 1-2 cents, with the costs of this suit, in the court of the first instance, and on the neglect or refusal to pay the same, that the premises mentioned in the petition be seized and sold for the payment of said sums; and it is further ordered, adjudged and decreed, that the appelleess pay the costs of appeals.

*Hennen* for the plaintiff, *Derbigny* for the defendant.